

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND SMITH SR., administrator )
of the estate and person of RAYMOND )
SMITH JR., a disabled person, )
)  Case No. 04 C 3744
       Plaintiff, )
v. )  Judge Ronald A. Guzmán
)
OTR WHEEL ENGINEERING INC., )
et al., )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion to amend his complaint to add two new, non-diverse defendants. For the reasons provided in this Memorandum Opinion and Order, the motion is granted and, after the second amended complaint is filed, this case will be remanded to state court.

### Facts

On April 28, 2004, plaintiff, an Illinois citizen, filed a complaint in state court seeking to recover for injuries that Raymond Smith, Jr. sustained when the wheel assembly of a side loader exploded while he was trying to remove it. Plaintiff named seven defendants, all of which are citizens of foreign states. Because the parties were of diverse citizenship, on June 1, 2004, defendants removed the case to this Court.

On September 28, 2004, plaintiff amended his complaint, adding Armor Tire & Rim and Titan Steel Wheels ("TSW") as defendants. Both companies are citizens of foreign states.

On December 9, 2004, plaintiff filed the instant motion seeking to file a second amended complaint, adding Titan-Illinois and Titan-Virginia as defendants. Plaintiff claims that both corporations have a principal place of business in Illinois and had a role in manufacturing and selling the wheel assembly for the side loader. Thus, plaintiff says, both parties are vital, though joining them will destroy the Court's diversity jurisdiction.

TSW says that only Titan-Virginia is arguably necessary and, as its name implies, it is not a citizen of Illinois. Titan-Illinois is irrelevant, TSW says, because it played no role in the manufacture or sale of any component of the subject wheel assembly. (Def.'s Mem. Opp'n Pl.'s Mot. Leave File Second Am. Compl. at 3.) Consequently, TSW says, the motion to amend should be denied as to Titan-Illinois, the non-diverse defendant, and granted as to Titan-Virginia, the diverse defendant, preserving the Court's jurisdiction.

## Discussion

The decision of whether to allow joinder in this case is governed by 28 U.S.C. § 1447, which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In making the decision, the Court considers the following factors: "(1) plaintiff's delay in seeking to amend; (2) plaintiff's motivation in moving to amend; (3) the possibility of multiple lawsuits; and (4) other equitable considerations, including prejudice, if any, to defendants." *County of Cook v. Phillip Morris Inc.*, No. 97 C 3295, 1997 WL 667777, at *2 (N.D. Ill. Oct. 17, 1997) (internal quotation marks, alteration and citation omitted). The second factor, plaintiff's motivation in moving to amend, is decisive if plaintiff seeks to join a non-diverse defendant for the sole purpose of destroying

2

diversity jurisdiction. *Id.* at *5. Such fraudulent joinder, as it is called, is presumed if, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against an in-state defendant." *Id.* (internal quotation marks and citation omitted).

There is no evidence here that the requested joinder is fraudulent. Plaintiff seeks to join Titan-Virginia and Titan-Illinois because TSW's counsel said one of those two companies produced a portion of the wheel assembly. (*See* Pl.'s Resp. Def.'s Mem. Opp'n Pl.'s Mot. Leave File Second Am. Compl., Ex. B, Grossman Aff. ¶ 3.) TSW now disputes that Titan-Illinois was involved but, for the purposes of this motion, we must credit plaintiff's version of the facts. *County of Cook,* 1997 WL 667777, at *5. Assuming, as we must, that Titan-Illinois manufactured part of the wheel assembly, and that it did so negligently, then plaintiff has a viable cause of action against that in-state defendant.

The same is true for Titan-Virginia. TSW admits that Titan-Virginia may have manufactured part of the wheel assembly. (Def.'s Mem. Opp'n Pl.'s Mot. Leave File Second Am. Compl. at 4.) Moreover, though Titan-Virginia's business address is in Saltville, Virginia, plaintiff has submitted evidence that suggests the company's principal place of business may be in Illinois. *See Metropolitan Life Ins. Co. v. Estate of Cammon,* 929 F.2d 1220, 1223 (7th Cir. 1991) (stating that company's principal place of business is its "nerve center"); (Pl.'s Resp. Def.'s Mem. Opp'n Pl.'s Mot. Leave File Second Am. Compl., Group Ex. D, State of Virginia Corporate Records (showing that Titan-Virginia's executive officers are Ron Schildt, Kent W. Hackamack and Cheri T. Holley, all of whom have a business address in Quincy, Illinois).) Thus, plaintiff may also have a viable cause of action against a second Illinois citizen, Titan-Virginia. Because plaintiff has demonstrated that he may have a cause of action against the in-

state defendants he seeks to join, fraudulent joinder is not a basis for denying his motion.

The other factors do not favor denial either. Plaintiff was not dilatory in seeking this amendment, a point that TSW apparently concedes. Moreover, if we deny leave to amend, it is virtually certain that multiple lawsuits will result. Finally, though TSW will be deprived of a federal forum if the amendment is allowed, that sole consideration is far outweighed by the parties' and the courts' interest in a comprehensive, final and efficient disposition of these disputes.

## Conclusion

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint [doc. no. 64] is granted. Plaintiff has five days from the date of this Memorandum Opinion and Order to file its second amended complaint. After the complaint is filed, the case will be remanded to state court in accordance with 28 U.S.C. § 1447.

**SO ORDERED**                      **ENTERED:** 5/9/05

**HON. RONALD A. GUZMAN**
**United States District Judge**